### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT W. CLOUGH, II., individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>REVENUE FRONTIER, LLC, SUPREME DATA CONNECTIONS, LLC and WILLIAM ADOMANIS,<br><br>    Defendants. | Case No. 1:17-cv-00411-PB |

## PRELIMINARY APPROVAL ORDER

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Parties' Settlement Agreement.

2.  **Jurisdiction**. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all members of the Settlement Class.

3.  **Scope of Settlement.** The Agreement resolves all Released Claims of Plaintiff and the Settlement Class—i.e., all claims, demands, causes of actions, suits, damages, and fees arising out of any call or text message sent by Supreme Data Connections or William Adomanis advertising tax relief services, including all calls and messages identified in the Report of Plaintiff's Expert Anya Verkhovskaya, from September 13, 2013, through the date of execution of

the Settlement Agreement , including but not limited to claims of any type or nature that Revenue Frontier, LLC is vicariously liable for said calls and messages.

4. **Preliminary Approval of Proposed Settlement.** The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this evaluation, the Court finds that giving notice of the proposed Settlement to the Settlement Class is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposal under Fed. R. Civ. P. 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, including based on a preliminary finding that: (A) the Class Representatives and Class Counsel have represented and will continue to adequately represent the Settlement Class; (B) the proposed Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of distribution of checks to Class Members with Known Addresses and for processing Class Member claims for Settlement Class Members whose addresses are not known; (iii) the terms of Class Counsel's intended request for an award of attorney's fees, including timing of payment; and (iv) the terms and provisions under the Parties' Agreement; and (D) the proposal treats Class Members equitably relative to each other. Additionally, the Court finds that the proposed Class Notice (Exs. 4 and 6 to the Agreement) provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and that the proposed notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement, and directs that Class Notice issue as set forth in the Parties' Agreement.

      5.      **Class Certification for Settlement Purposes Only.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> (1) All persons in the United States who are the users or subscribers of the approximately 18,937 cellular telephones identified in Anya Verkovshkaya's report (2) to which cellular telephone numbers a text message was sent (3) using the SDC Messaging Application, employing the Sendroid software (4) within four years of the filing of the complaint.

      6.      The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

      a.      The Settlement Class is so numerous that joinder of all members is impracticable;

      b.      There are questions of law or fact common to the members of the Settlement Class;

      c.      The claims of Plaintiff are typical of the claims of the other members of the Settlement Class;

      d.      Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

      e.      Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

      f.      The Settlement Class is ascertainable; and

      g.      Resolution of the Released Claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7.      **Designation of Class Representatives.**  The Court appoints Plaintiff Robert W. Clough, II as representative of the Settlement Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

8.      **Designation of Class Counsel.**  Roger B. Phillips of Phillips Law Office, PLLC, Alex Washkowitx of CW Law Group, P.C., Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The Law Office of Matthew P. McCue are hereby designated as Class Counsel for the Settlement Class.

9.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement will be held at 2p.m. on September 9, 2020, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Award to Plaintiff.

10.     **Settlement Administrator.**  AB Data, Ltd. is hereby appointed as the Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice.**

a. The Court approves the Class Notice in the Settlement Agreement, including the Mail and Website Notices attached to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the Mail and Website Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan contemplated under the Agreement no later than May 11, 2020 ("Notice Deadline").

b. The Parties or Settlement Administrator will file with the Court by no later than August 20, , 2020, proof that notice was provided in accordance with the Agreement and this Order.

c. Class Counsel shall cause the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be served by the Settlement Administrator. No later than August 20, 2020, Class Counsel shall cause to be filed with the Court one or more declarations stating that the notice obligations under 28 U.S.C. § 1715 have been met.

12. **Exclusion from the Settlement Class.** Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail

Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than August 10, 2020.

      a.    To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) at which that potential Settlement Class Member was texted by Supreme Data and/or Adomanis during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement Class. Mass or class opt-outs shall not be allowed or be deemed effective.

      b.    Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in the Settlement Agreement.

      c.    If 1,000 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Revenue Frontier or W4 without penalty or sanction.

13.    **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his, her, or its expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing no later than August 10, 2020, as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court,

and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than August 10, 2020, at the following addresses:

>   <u>Class Counsel</u>
>
>   Edward A. Broderick
>   Broderick Law, P.C.
>   99 High Street, Suite 304
>   Boston, MA 02110
>
>   *Counsel for Plaintiff and Settlement Class*
>
>   <u>Defense Counsel</u>
>
>   Ari N. Rothman
>   VENABLE LLP
>   600 Massachusetts Avenue, NW
>   Washington, DC 20001
>
>   *Counsel for Defendant Revenue Frontier, LLC*
>
>   William Adomanis and Supreme Data Connections, LLC
>   7116 Pine Bluff Drive
>   Lake Worth, FL 33467
>
>   *Individually and for Supreme Data Connections, LLC*

14. A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the cellular telephone number to which the Settlement Class Member received a text sent by Supreme Data and/or Adomanis during the Settlement Class Period; (b) if represented by counsel, the name, address, e-mail address and telephone number of the Settlement Class Member's counsel; (c) the specific grounds for the objection, and whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

15. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection,

shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16. Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

17. **Service of Papers.**  Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.

18. **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties and contributing party W4, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if

(i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19. **Use of Order Following Termination of Settlement.**  This Order shall be of no force and effect if the Settlement does not become Final.  This Order shall not be offered by any person as evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order.  Neither shall this Order be offered by any person, or received against any of the Released Parties, as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

      c.    any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

    20.    **Necessary Steps.**  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

    21.    **Schedule of Future Events**.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **May 11, 2020** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **June 10, 2020** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award |
| **August10 3, 2020** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **August 10, 2020** | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **August 20, 2020**  [100 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| **August 17, 2020**  [7 Days After the Opt Out Deadline] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| **August 28, 2020**  [10 Days Prior to Final Approval Hearing] | Class Counsel Shall File with the Court One or More Declarations Stating that They Have Complied with Their CAFA Notice Obligations |
| **September 9, 2020, 2020 at 2p.m.**  [ Or any date convenient for the Court | Final Approval Hearing |

| after September 9, 2020] | |
|---|---|

SO ORDERED.

Dated: _____  _____
Hon. Paul Barbadoro
United States District Judge