**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |  |
|---|---|---|
| ROBERT W. CLOUGH, II on behalf of himself and others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No. 1:17-cv-00411-PB |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REVENUE FRONTIER, LLC, | : | |
| SUPREME DATA CONNECTIONS, LLC, and | : | |
| WILLIAM ADOMANIS | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**Declaration of Edward A. Broderick in Support of Motion for
Final Approval of Class Action Settlement**

I, Edward A. Broderick, declare under penalty of perjury:

1.      I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge. I make this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement. In this declaration I will describe the work that I and my co-counsel have done in identifying and investigating potential claims in the action and to set forth my qualifications to serve as class counsel, and describe my experience in representing plaintiff classes in class actions, and cases brought under 47 U.S.C. § 227, the Telephone Protection Act.

4.      I was involved in every stage of representing Plaintiff in this case, from pre-trial investigation, analysis of Plaintiff's potential claims, and review of documents and discovery responses and settlement negotiations. I have also additionally participated in motion practice and

1

argument before the Court. Based on my experience in prosecuting class actions under the TCPA, I believe this settlement represents an excellent result for the class and merits final approval by the Court.

5.     Along with my co-counsel, I was appointed as Class Counsel by the Court on June 16, 2019. ECF 115, *Memorandum and Order Certifying Class.*

6.     My firm has incurred $40,891.22 in expenses for filing fees, process server charges, expert witnesses, deposition expenses, travel and mediator fees for three mediations.  As is attested to in Plaintiff's Motion for Attorney's Fees and Expenses, the total expenses incurred by the four firms representing Plaintiff is $50,894.49.

7.     This Settlement was achieved over the course of three mediations, complicated by contributions from multiple parties and insurers. On July 24, 2019, the Parties engaged in a day-long, in-person mediation session with Peter K. Rosen, Esq., a mediator with JAMS ADR in Los Angeles, California, but were unable to reach a settlement.  The Parties, however, agreed to a second mediation to allow further assessment by Revenue Frontier's insurer and W4's insurers.

8.     On September 5, 2019 the Parties engaged in a second mediation, again with Mr. Rosen, in New York City. The Parties made some progress but did not reach a settlement. The Parties thereafter continued to negotiate through counsel, and agreed to a third mediation between the Parties, and the insurers of Revenue Frontier and W4. That third mediation was held on October 16, 2019, again with Mr. Rosen, between the Parties and insurers.  At this third mediation, a settlement in principle was reached.

9.     Defendants and W4 always denied liability and continue to do so.  Defendants and W4 maintain that they have substantial factual and legal defenses to all claims and class allegations in the Litigation.  Defendants and W4 specifically deny that any automated dialers were used to

text or call Plaintiff or class members without their prior express written consent; that they violated the TCPA; and that Plaintiff and class members are entitled to any relief. Defendants and W4 further contend that the allegations contained in the Revised Second Amended Complaint are not amenable to class certification. Revenue Frontier expressly denies that it is vicariously liable for any alleged conduct by the other Defendants and W4.

10.     The Plaintiff has no side agreement of any kind with any of the Defendants and/or W4 that would be required to be disclosed to the Court pursuant to Fed. R. Civ. P. 23(e)(3).

**Qualifications of Counsel**

11.     I am a 1993 graduate of Harvard Law School. Following graduation from law school, I served as a law clerk to the Honorable Martin L.C. Feldman, United States District Judge in the Eastern District of Louisiana.

12.     Following my clerkship, from 1994 to December 1996, I was an associate in the litigation department of Ropes & Gray in Boston, where I gained class action experience in the defense of a securities class action, *Schaeffer v. Timberland*, in the United States District Court for the District of New Hampshire. I also participated in many types of complex litigation.

13.     From January 1997 to March 2000, I was an associate with Ellis & Rapacki, a three-lawyer Boston firm focused on the representation of consumers in class actions.

14.     In March 2000, I co-founded the firm of Shlansky & Broderick, LLP, focusing my practice on complex litigation and the representation of consumers.

15.     In 2003, I started my own law firm focusing exclusively on the litigation of consumer class actions.

16.     A sampling of other class actions in which I have represented classes of consumers and been appointed class counsel follows:

i.  *In re General Electric Capital Corp. Bankruptcy Debtor Reaffirmation Agreements Litigation,* (MDL Docket No. 1192) (N.D. Ill) (nationwide class action challenging reaffirmation practices of General Electric Capital Corporation, settlement worth estimated $60,000,000.)

ii.  *Hurley v. Federated Department Stores, Inc., et al*, USDC D. Mass. Civil Action No. 97-11479-NG (nationwide class action challenged bankruptcy reaffirmation practices of Federated Department Stores and others; $8,000,000 recovery for class.)

iii.  *Valerie Ciardi v. F. Hoffman LaRoche, et al*, Middlesex Superior Court Civil Action No. 99-3244D, (class action pursuant to Massachusetts Consumer Protection Act, M.G.L. c. 93A brought on behalf of Massachusetts consumers harmed by price-fixing conspiracy by manufactures of vitamins; settled for $19,600,000.)

iv.  *Shelah Feiss v. Mediaone Group, Inc, et al*, USDC N. District Georgia, Civil Action No. 99-CV-1170, (multistate class action on behalf of consumers; estimated class recovery of $15,000,000--$20,000,000.)

v.  *Mey v. Herbalife International, Inc.,* Ohio County Circuit Court (West Virginia), Civil Action No. 01-cv-263, ($7,000,000 TCPA class action settlement granted final approval on February 5, 2008 following the grant of a contested class certification motion).

vi.  *Mulhern v. MacLeod d/b/a ABC Mortgage Company*, Norfolk Superior Court (Massachusetts), Civil Action No. 05-01619-BLS, (TCPA class settlement of $475,000 following the grant of a contested class certification motion, granted final approval by the Court on July 25, 2007.)

vii.  *Evan Fray-Witzer, v. Metropolitan Antiques, LLC*, Suffolk Superior Court (Massachusetts), Civil Action No. 02-5827-BLS. After the grant of a contested class certification motion, a companion case went to the Massachusetts Supreme Judicial Court, which issued a decision finding insurance coverage. *See Terra Nova Insurance v. Fray-Witzer et. al.*, 449 Mass. 206 (2007). There was then a TCPA class settlement of $1,800,000 which was granted final approval.

viii.  *Shonk Land Company, LLC v. SG Sales Company*, Circuit Court of Kanswaha County (West Virginia), Civil Action No. 07-C-1800 (TCPA class settlement for $2,450,000, final approval granted in September of 2009).

ix.  *Mann & Company, P.C. v. C-Tech Industries, Inc.*, USDC, D. Mass., Civil Action No. 1:08-CV-11312-RGS (TCPA class settlement of $1,000,000, final approval granted in January of 2010).

x.  *Evan Fray Witzer v. Olde Stone Land Survey Company, Inc.*, Suffolk Superior Court (Massachusetts), Civil Action No. 08-04165 (TCPA class settlement $1,300,000 granted final approval on February 3, 2011).

xi.  *Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC,* USDC, D. Mass., Civil Action No. 1:09-cv-11261-DPW (TCPA class settlement of $1,800,000, final approval granted August 17, 2011).

xii.  *Collins v. Locks & Keys of Woburn, Inc..*, Suffolk Superior Court (Massachusetts), Civil Action No. 07-4207-BLS2, TCPA class settlement of $2,000,000 following the granting of a contested class certification motion, granted final approval on December 14, 2011.

xiii.  *Brey Corp t/a Hobby Works v. Life Time Pavers, Inc.*, Circuit Court for Montgomery County (Maryland), Civil Action No. 349410-V (TCPA class settlement of $1,575,000 granted final approval in March of 2012).

xiv.  *Collins, et al v. ACS, Inc. et al*, USDC, D. Mass., Civil Action No. 10-CV-11912 (TCPA class settlement of $1,875,000 granted final approval on September 25, 2012).

xv.  *Desai and Charvat v. ADT Security Services, Inc.*, USDC, ND. Ill., Civil Action No. 11-CV-1925 (TCPA class settlement of $15,000,000 granted final approval on June 21, 2013).

xvi.  *Benzion v. Vivint,* 0:12cv61826, USDC  S.D.Fla. (classsettlement of $6,000,000 granted final approval in February of 2015).

xvii.  *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, USDC, D. MD, Civil Action No. 11-CV-02467 (TCPA class settlement of $4,500,000 granted final approval on February 12, 2015).

xviii.  *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, USDC, D. MD., Civil Action No. 13-cv-00662 (TCPA class settlement of $8,500,000 granted final approval on April 15, 2015).

xix.  *Charvat v. AEP Energy, Inc.,* USDC, ND. Ill., 1:14-cv-03121 (TCPA class settlement of $6,000,000 granted final approval on September 28, 2015).

xx.  *Mey v. Interstate National Dealer Services, Inc.*, USDC, ND. Ga., 1:14-cv-01846-ELR (TCPA class settlement of $4,200,000 granted final approval on June 8, 2016).

xxi.  *Philip Charvat and Ken Johansen v. National Guardian Life Insurance Company*, USDC, WD. WI., 15-cv-43-JDP (TCPA class settlement for $1,500,000 granted final approval on August 4, 2016).

xxii.  *Bull v. US Coachways, Inc.*, USDC, ND. Ill., 1:14-cv-05789 (TCPA class settlement finally approved on November 11, 2016 with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against defendant's insurance carrier).

xxiii.      *Toney v. Quality Resources, Inc., Cheryl Mercuris and Sempris LLC, et al.*, USDC, ND. Ill., 1:13-cv-00042 (TCPA class settlement of $2,150,000 was granted final approval on December 1, 2016 with one of three defendants, and an assignment of rights against defendant's insurance carrier. Second settlement on behalf of class against two remaining defendants of $3,300,000 granted final approval on September 25, 2018).

xxiv.      *Smith v. State Farm Mut. Auto. Ins. Co. , et. al.,* USDC, ND. Ill., 1:13-cv-02018 (TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016).

xxv.      *Mey v. Frontier Communications Corporation*, USDC, D. Ct., 3:13-cv-1191-MPS (a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017).

xxvi.      *Biringer v. First Family Insurance, Inc.*, USDC, ND. Fla. (a TCPA class settlement of $2,900,000 granted final approval on April 24, 2017).

xxvii.      *Abramson v. Alpha Gas and Electric, LLC,* USDC, SD. NY., 7:15-cv-05299-KMK (a TCPA class settlement of $1,100,000 granted final approval on May 3, 2017).

xxviii.      *Heidarpour v. Central Payment Co.*, USDC, MD. Ga., 16-cv-01215 (a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017).

xxix.      *Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company,* USDC, SD. NY., 1:16-cv-03588-BCM (a TCPA class settlement of $3,250,000 granted final approval on February 27, 2018).

xxx.      *Abramson v. CWS Apartment Home, LLC*, USDC, WD. Tex., 16-cv-01215 (a TCPA class settlement of $368,000.00 granted final approval on May 19, 2017).

xxxi.      *Charvat v. Elizabeth Valente, et al*, USDC, NDIL, 1:12-cv-05746 ($12,500,000 TCPA settlement granted final approval on November 4, 2019, appeal pending).

xxxii.      *Thomas Krakauer v. Dish Network, L.L.C.*, USDC MDNC, Civil Action No. 1:14-CV-333 on September 9, 2015. Following a contested class certification motion, this case went to trial in January of 2017 returning a verdict of $20,446,400. On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338). Affirmed on appeal, *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. May 20, 2019), *cert. denied. Dish Network, L.L.C. v. Krakauer,* 140 S.Ct. 676 (December 16, 2019).

xxxiii.      *Mey v. Got Warranty, Inc., et. al.*, USDC, NDWV., 5:15-cv-00101-JPB-JES (a TCPA class settlement of $650,000 granted final approval on July 26, 2017).

xxxiv.      *Mey v. Patriot Payment Group, LLC*, USDC, NDWV., 5:15-cv-00027-JPB-JES (a TCPA class settlement of $3,700,000 granted final approval on July 26, 2017).

xxxv.    *Charvat and Wheeler v. Plymouth Rock Energy, LLC*, et al, USDC, EDNY, 2:15-cv-04106-JMA-SIL (a TCPA class settlement of $1,675.000 granted final approval on July 31, 2018).

xxxvi.   *Fulton Dental, LLC v. Bisco, Inc*., USDC, NDIL, 1:15-cv-11038.  TCPA class settlement for $262,500 granted final approval on March 7, 2018

xxxvii.  *Mey v. Venture Data, LLC and Public Opinion Strategies*, USDC, NDWV, 5:14-cv-123 (Final approval of TCPA settlement granted on September 8, 2018).

xxxviii. *In Re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, USDC, NDWV, 1:13-md-02493-JPB-MJA (a TCPA class settlement of $28,000,000 granted final approval on June 12, 2018).

xxxix.   *Abante Rooter and Plumbing, Inc. v. Alarm.com, Inc.,* USDC, NDCA 4:15-cv-06314-YGR (TCPA class settlement of $28,000,000 granted final approval on August 15, 2019).

xl.      *Abante Rooter and Plumbing, Inc. v. Allstate Insurance Company, et al*, USDC, NDIIL 1:15-cv-00925 (TCPA class settlement of $10,500,000 granted final approval on August 15, 2019).

xli.     *Kaiser v. CVS Pharmacy, Inc., et al*, USDC NDIL, 1:14-cv-03687 (TCPA class settlement of $15,000,000 approved on January 30, 2020).

PURSUANT TO 28 U.S.C. § 1746, I DECLARE, SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 19th DAY OF AUGUST 2020 IN THE COMMONWEALTH OF MASSACHUSETTS.

/s/ *Edward A. Broderick*
Edward A. Broderick